IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DOUGLAS D. STARNES, | Civ. No. 6:24-cv-1913-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| LINCOLN COUNTY BOARD OF COMMISSIONERS; ANN ALLARD-ROBINETT; KENNETH LIPP; JEFFREY C. PRIDGEON, | |
| Defendants. | |

AIKEN, District Judge:

Self-represented Plaintiff Douglas D. Starnes seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained below, the IFP Petition, ECF No. 1, is GRANTED; the Motion for Appointment of Counsel, ECF No. 3, is DENIED; and Plaintiff's Complaint, ECF No. 2, is DISMISSED with leave to amend. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

LEGAL STANDARD

Generally, any party that initiates a civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). But the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

Page 1 – OPINION AND ORDER

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second determination, a district court has the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. To determine whether a complaint states a claim, Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Further, the court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Page 2 – OPINION AND ORDER

Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied by Plaintiff's showing. Plaintiff's IFP Petition is GRANTED.

In the Complaint, Plaintiff brings claims under 18 U.S.C. § 241 and 18 U.S.C. § 242 against the Lincoln County Board of Commissioners; Ann Allard-Robinett, Primary Care Division Director of the Lincoln County Public Health and VA Clinic; Kenneth Lipp, Lincoln County Public Information Officer; and Judge Jeffrey C. Pridgeon of the Newport Municipal Court.

Plaintiff alleges that, on November 29, 2023, Defendants conspired to violate his First Amendment rights when they prohibited him from filming in the lobby of the Lincoln County Public Health/VA Clinic. Plaintiff brings his claims under two federal criminal statutes, 18 U.S.C. § 241 and 18 U.S.C.§ 242.

Plaintiff's reliance on 18 U.S.C. § 241 and 18 U.S.C. § 242 to establish federal subject matter jurisdiction is not proper because these statutes are criminal statutes.

Generally, private individuals have no authority to bring claims under criminal statutes. *Schwettmann v. Starns*, 2:23-cv-02442 DJC AC PS, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) (explaining that "[a] citizen does not have authority to bring criminal charges, either under state or federal law"). Only the state or federal government can bring criminal charges unless the statute provides what is called a "private right of action" that permits a private individual to sue under that statute. *Wormley v. Hemphill*, 1:19-cv-00747 (CJN), 2021 WL 11670848, at *2 (D.D.C. Mar. 22, 2021) (dismissing the self-represented plaintiff's claims brought "pursuant to various sections of Chapter 18 of the U.S. Code [because] none of those criminal statutes includes an express private right of action").

Neither 18 U.S.C. § 241, which proscribes conspiracy against an individual's rights, nor 18 U.S.C. § 242, which proscribes the deprivation of rights under color of law, provide a private right of action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *see also Hart v. Granado*, CV-22-02067-PHX-JAT (JFM), 2023 WL 7301872, at *2-3 (D. Ariz. Nov. 6, 2023) (dismissing the self-represented plaintiff's claims under 18 U.S.C. §§ 241 and 242 with prejudice and explaining that "[t]hese criminal provisions provide no basis for civil liability").

Under federal question jurisdiction, a district court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff fails to provide any federal basis for his claims because private individuals cannot bring a civil action under either 18 U.S.C. § 241

or 18 U.S.C. § 242. Because Plaintiff cannot bring suit under these statutes, his claim is dismissed for failure to state a claim. Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). But under § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons explained above, Plaintiff's IFP petition, ECF No. 1, is GRANTED; the Motion for Appointment of Counsel, ECF No. 3, is DENIED; and the Complaint, ECF No. 2, is DISMISSED. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this   24th   day of March 2025.

          /s/Ann Aiken
          ANN AIKEN
          United States District Judge